# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Claudia Funez (c/o Bruce A. Hagen, P.C.)

**119 North McDonough Street**

**Decatur, GA  30030**

CIVIL ACTION
NUMBER:_____

PLAINTIFF

VS.

Wal-Mart Stores, Inc. c/o Reg: Agent:

Corporation Process Company, Inc.

2180 Satellite Boulevard, Suite 400

Duluth GA 30097 DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**BRUCE A HAGEN, P.C.**

**Attorneys at Law**

**119 North McDonough Street**

**Decatur, Georgia 30030**

**(404) 522-7553**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

Richard T. Alexander, Jr.,
Clerk of State Court

By _____
~~Deputy Clerk~~

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

**EXHIBIT**

tabbies®

"A"
_____

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

**CLAUDIA FUNEZ**            )

                              )   **CIVIL ACTION FILE**

           **Plaintiff(s)**  )   **NO. _____**

**vs.**                        )

**WAL-MART STORES, INC.**    )

                              )

        **Defendant(s)**  )

## COMPLAINT

COMES NOW, Plaintiff Claudia Funez (hereinafter referred to as "Plaintiff") and files this Complaint against Wal-Mart Stores, Inc., (hereinafter referred to as "Defendant") and shows this Court as follows:

(1)

Defendant is a corporation organized and existing under the laws of the State of Georgia which is registered to conduct business in the State of Georgia. Defendant may be served with summons and process upon its registered agent, Corporation Process Company, 2180 Satellite Boulevard, Suite 400, Duluth, Georgia 30097.

(2)

Jurisdiction and venue are proper in this Court as to the Defendant.

(3)

On or about August 31, 2010, Plaintiff was shopping in Defendant's Store #5390.

(4)

As Plaintiff walked through the store, she slipped on some oil that was on the floor and she fell to the floor, injuring her right leg, back and right wrist.

(5)

Plaintiff sustained serious physical injuries due to the negligence of Defendant.

(6)

Defendant has been negligent by not providing a clear walkway and therefore creating a hazard.

(7)

As a direct and proximate result of Defendant's negligence, Plaintiff has incurred special damages which include but may not be limited to medical expenses, mileage, and other miscellaneous expenses. Specifically, Plaintiff has incurred approximately $46,448.36 in medical expenses to date.

(8)

As a direct and proximate result of Plaintiff's negligence, Plaintiff has incurred general damages, including pain and suffering.

WHEREFORE, Plaintiff prays that this Court award the following relief against Defendant:

(A)     That process be issued;

(B)     That reasonable damages be granted to Plaintiff and against Defendant for past, present and future general and special damages;

(C)     That Plaintiff recover all attorneys fees, expenses, and costs of this action; and

(D)     Such further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A BENCH TRIAL.**

Respectfully submitted this 9th day of January, 2012.

                        BRUCE A. HAGEN
                        State Bar of Georgia #316678
                        MYRLIN D. EARLE
                        State Bar of Georgia #237160
                        Attorneys for Plaintiff

BRUCE A. HAGEN, P.C.
119 North McDonough Street
Decatur, Georgia 30030-3300
(404) 522-7553

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **CLAUDIA FUNEZ** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **Plaintiff(s)** | ) | **NO. _____** |
| **vs.** | ) | |
| **WAL-MART STORES, INC.** | ) | |
| | ) | |
| **Defendant(s)** | ) | |

## PLAINTIFF'S REQUEST FOR ADMISSIONS, FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WAL-MART STORES, INC.

### I. INTRODUCTION

Pursuant to O.C.G.A. § 9-11-33, you are requested and instructed to answer the following Interrogatories, separately and fully in writing under oath, and to serve your answer upon counsel for Plaintiff, Bruce A. Hagen, Esq., 119 North McDonough Street, Decatur, Georgia 30030, within forty-five (45) days after service pursuant to O.C.G.A. § 9-11-33.

These Interrogatories shall be continuing in nature and therefore according to the rules of the Georgia Civil Practice Act, O.C.G.A. §9-11-26(e), after you have responded to Interrogatories, you continue to be under a duty to supplement those Interrogatories to include information thereafter acquired with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters and the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony. Furthermore, you are under a continuing duty seasonably to amend a prior response if you obtain information upon the basis of which you know that the response was incorrect when made or you know that the response, though correct when made, is no longer true and the

circumstances are such that a failure to amend the response is, in substance, a knowing concealment. In addition to the above, a further duty to supplement responses may be imposed on you by agreement of the parties or at any time prior to trial through new requests for supplementation of prior responses. O.C.G.A. §9-11-26(e) as amended.

If you object to any portion of any interrogatory, answer such interrogatory fully to the extent that such objection does not apply. If you are unable to give an exact date or amount, please give the best approximate date or amount which can be provided. If you are unable to answer any part of any Interrogatory, answer the remaining parts as fully as possible and specify which part or parts you are unable to answer and why.

## II. DEFINITIONS

1.      When used herein, the term "identify" when used in connection with individuals, means to provide the individual's name, last known address, and current telephone number, if known. "Identify" when used in connection with documents, means to identify the location of a document, and the individual who has possession of the document now. If a document is a part of a group of documents, they may be described by group, provided that the description is sufficient to identify the documents contained in the group. If the documents has been previously identified fully, it may be identified by name in subsequent responses.

2.      When used herein, the terms "Defendant" or "you" or "your" refer to the Defendant in this action.

3.      When used herein, "Plaintiff" refers to the Plaintiff in this action.

4.      As used herein, "document" shall mean, but without limitation, every writing or record of every type and description that is or has been in the possession, control, or custody of Defendant or of which Defendant has knowledge, including, without limitation: correspondence,

invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, photographs, voice recordings, maps, graphs, reports, surveys, or statistical compilations, every copy of such a writing or record where the original is not in the possession, custody, or control of Defendant, and every copy of every such record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

5.      As used herein, "person" shall mean any individual, firm, association, governmental agency, or any other organization or entity.

6.      As used herein, "date" shall mean the exact date, month, and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

7.      As used herein, "identify" or "specify," when used in reference to:

(a)      a person who is an <u>individual</u>, means to state his full name, present or last known residence address (designating which) and present and last known business or government affiliation (designating which) job title, employment address, business, and residence telephone numbers (designating which);

(b)      in the case of a <u>document</u>, the title (if any), the date, author, sender, recipient, the identity of the person signing it, type of document (i.e., a letter, memorandum, book, telegram, chart, etc.) or some other means of identifying it, and its present location;

(c)      in the case of an <u>oral communication</u>, the date, subject matter, communicator, communicatee, nature of the communication, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto; in the case of a document within the possession, custody, control, or access of Defendant, whether Defendant will make it available to Plaintiff's attorneys for inspection and/or copying; and in the case of a document that was, but is no

longer, in the possession, custody, or control of Defendant, what disposition was made of it, and why.

   8.    <u>Time</u> -- unless otherwise indicated, each Interrogatory is limited to the period from the date of the incident, through and including the date of your answer hereto.

   9.    When the identification of documents is requested by these Interrogatories, Defendant may, in lieu of identification, attach legible copies of the documents to its answer to the Interrogatories, provided it marks each document to designate the paragraph of the Interrogatory to which the document is responsive.

## III. REQUEST FOR ADMISSIONS

### (1)

Defendant, at the time of filing the Complaint in the above styled civil action, was the operator of the premises known as Wal-Mart Store #5390 located at 210 Cobb Parkway South, Marietta, GA 30060.

### (2)

On August 31, 2010, Defendant owned the premises known as Wal-Mart Store #5390 located at 210 Cobb Parkway South, Marietta, GA 30060.

### (3)

On August 31, 2010, Defendant was responsible for inspecting the premises at Wal-Mart Store #5390 located at 210 Cobb Parkway South, Marietta, GA 30060.

### (4)

Defendant hired no other company, person or business to assist with cleaning and maintaining the premises at Wal-Mart Store #5390 located at 210 Cobb Parkway South, Marietta, GA 30060, before August 31, 2010.

(5)

The Plaintiff states a claim upon which relief can be granted.

(6)

Admit that on August 31, 2010, possible patrons of the Defendant's establishment were not given adequate warning that a hazardous condition existed.

(7)

The Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

## IV. INTERROGATORIES

(1)

Identify each and every person who assisted in the preparation of your responses to these Interrogatories or who have provided information used for responding to these Interrogatories.

(2)

Identify the Store Manager working at Wal-Mart Store #5390 located at 210 Cobb Parkway South, Marietta, GA 30060 on or about August 31, 2010 at the time of the incident which is the subject matter of this Complaint.

(3)

Identify the Assistant Manager working at Wal-Mart Store #5390 located at 210 Cobb Parkway South, Marietta, GA 30060 on or about August 31, 2010 at the time of the incident which is the subject matter of this Complaint.

(4)

Identify any person who claims to have been a witness to the incident at Wal-Mart Store #5390 located at 210 Cobb Parkway South, Marietta, GA 30060 on or about August 31,

2010 in which Plaintiff alleges she was injured.

(5)

Identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all witnesses who either saw or claim they saw all or any part of the occurrence complained of in this action, as well as those witnesses who arrived at the scene immediately or shortly after said occurrence.

(6)

Identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons having knowledge or relevant information concerning facts or circumstances in this case.

(7)

Identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons who have given written statements, mechanically recorded statements, or oral statements later reduced to writing to you, your attorney, your insurance carrier, or anyone else to your knowledge concerning in any way the facts and circumstances of the incident which is the subject matter of this litigation, listing for each statement the date of same and to whom the statement was given.

(8)

Identify the names and addresses of all insurance companies for which you have liability or other insurance coverage relating to the matter alleged in the Plaintiff's Complaint, the number or numbers of such policies, the amount of liability or other coverage provided in each policy and the named insured in the same.

(9)

Furnish a detailed factual basis for the defense(s) and/or counterclaim(s) you assert in your answer to Plaintiff's Complaint.

(10)

Identify all persons retained by you or expected to be retained by you as expert witnesses for use at trial, and with respect to each expert identified, please state in detail the following:

a)      The subject matter upon which each expert either has, or is expected to investigate and form an opinion;

b)      The substance of the facts known and opinions held by each expert; and

c)      A detailed summary of the grounds for each such opinion.

and extent of any injuries sustained by you or the other party in each such collision, and the name and address of the treating physician for each such injury.

(11)

Do you contend any person or entity other than you is, or may be, liable in whole or in part for the claims asserted against you in this lawsuit?  If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether you have notified each such person or entity of your contention.

(12)

Identify all security cameras located at the Defendant's premises, the location of such cameras, whether such cameras were operative on August 31, 2010, and whether any camera videotaped the incident described in Plaintiff's Complaint.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Please provide any document or thing that was used or referenced in responding to the Interrogatories listed above.

2.

Please provide copies of any reports that were done in connection with this incident, including the incident report done at the store location where the incident occurred.

3.

Please provide originals or color copies of all photographs of Wal-Mart Store #5390 located at 210 Cobb Parkway South, Marietta, GA 30060 where the incident is alleged to have occurred on August 31, 2010.

4.

Please provide copies of any statements obtained from the Plaintiff.

5.

Please provide copies of any statements obtained from any witnesses.

6.

Please provide copies of any video surveillance that was recorded one hour prior to the incident through one hour after the incident.

7.

Pursuant to O.C.G.A. § 9-11-34, Plaintiff hereby requests that Defendant produce all information and documents produced in the above-styled action in response to any and all of Defendant's Non-Party Request for Production of Documents.

Respectfully submitted this _____ day of January, 2012 .

_____
BRUCE A. HAGEN
State Bar of Georgia #316678
MYRLIN D. EARLE
State Bar of Georgia #237160
Attorneys for Plaintiff

BRUCE A. HAGEN, P.C.
119 North McDonough Street
Decatur, Georgia 30030-3300
(404) 522-7553

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **CLAUDIA FUNEZ** | ) | |
| | ) | **CIVIL ACTION FILE** |
| Plaintiff(s) | ) | **NO.** _____ |
| **vs.** | ) | |
| **WAL-MART STORES, INC.** | ) | |
| | ) | |
| Defendant(s) | ) | |

### RULE 5.2 CERTIFICATION OF SERVICE

This is to certify that pursuant to Uniform Superior Court Rule 5.2, I have this day served

counsel for all parties in the above referenced action with a copy of **PLAINTIFF'S REQUEST**

**FOR ADMISSIONS, FIRST CONTINUING INTERROGATORIES AND REQUEST FOR**

**PRODUCTION OF DOCUMENTS TO DEFENDANT** by having copies delivered to the

following via hand-delivery:

> Wal-Mart Stores, Inc.
> c/o Registered Agent: Corporation Process Company
> 2180 Satellite Boulevard, Suite 400
> Duluth, GA 30097

Respectfully submitted this ____ day of  January, 2012 .

                                          BRUCE A. HAGEN
                                          State Bar of Georgia #316678
                                          MYRLIN D. EARLE
                                          State Bar of Georgia #237160
                                          Attorneys for Plaintiff

BRUCE A. HAGEN, P.C.
119 North McDonough Street
Decatur, Georgia 30030-3300
(404) 522-7553

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

CLAUDIA FUNEZ,                         Civil Action File No. 12-C-00276-S4

      Plaintiff,

v.

WAL-MART STORES, INC.,

      Defendant.

_____/

## ANSWER OF DEFENDANT WAL-MART STORES, INC.

COMES NOW, Defendant Wal-Mart Stores, Inc., erroneously named and joined, the correct designation being Wal-Mart Stores East, LP (hereinafter "Defendant"), and makes this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

### THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to

herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

## FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Any injury or damage sustained by Plaintiff was the result of an accident in the legal sense, and therefore Plaintiff is not entitled to recover from Defendant.

## SIXTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against this Defendant.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the applicable doctrines of waiver and estoppel.

## EIGHTH DEFENSE

Plaintiff's claim for consequential damages is barred as a matter of law.

## NINTH DEFENSE

All or a portion of Plaintiff's claims are barred by the applicable statute of limitation and laches.

## TENTH DEFENSE

Plaintiff's claims are barred by insufficiency of service and insufficiency of

process.

## ELEVENTH DEFENSE

Plaintiff has failed to plead sufficient information and facts for the assessment of costs of litigation and/or prejudgment interest.

## TWELFTH DEFENSE

This Court lacks jurisdiction over the person and property of this Defendant, and, therefore, this case should be dismissed as to it.

## THIRTEENTH DEFENSE

Plaintiff has failed to plead sufficient information for a determination of future medical expenses and permanency of injuries.

## FOURTEENTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendant denies, as stated, the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant denies Plaintiff's Prayer for Relief, including all subparts therein.

10.

All other allegations, counts or claims which Defendant has not specifically responded to are hereby denied.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

This 25th day of January, 2012.

McLAIN & MERRITT, P.C.

_____
Albert J. DeCusati
Georgia Bar No. 215610


_____
Ashley A. Bagiatis
Georgia Bar No. 141360
Attorneys for Defendant
Wal-Mart Stores, Inc.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
(404) 364-3138 (fax)
adecusati@mclain-merritt.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT Wal-Mart Stores, Inc. has this day been served upon opposing counsel, by placing same in the United States Mail, postage prepaid, and addressed as follows:

> Bruce A. Hagen
> Myrlin D. Earle
> Bruce A. Hagen, P.C.
> 119 North McDonough Street
> Decatur, Georgia 30030-3300

This the 25th day of January, 2012.

McLAIN & MERRITT, P.C.

_____

Albert J. DeCusati
Georgia Bar No. 215610
Attorneys for Defendant
Wal-Mart Stores, Inc.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
(404) 364-3138 (fax)
adecusati@mclain-merritt.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

CLAUDIA FUNEZ,                              Civil Action File No.  12-C-00276-S4

        Plaintiff,

v.

WAL-MART STORES, INC.,

        Defendant.

_____/

### **12-PERSON JURY DEMAND**

       COMES NOW Defendant, Wal-Mart Stores, Inc. and demands a trial by a jury

of twelve (12) persons.

                               McLAIN & MERRITT, P.C.

                             _____

                             Albert J. DeCusati
                             Georgia Bar No. 215610
                             Attorney for Defendant
                             WAL-MART STORES, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326-3240
(404) 266-9171
(404) 364-3138 (fax)
adecusati@mclain-merritt.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing 12-PERSON JURY DEMAND upon counsel for all parties by depositing same in the United States Mail in envelopes with sufficient postage affixed thereon to insure delivery addressed as follows:

> Bruce A. Hagen
> Myrlin D. Earle
> Bruce A. Hagen, P.C.
> 119 North McDonough Street
> Decatur, Georgia 30030-3300

This the 24ᵗʰ day of January, 2012.

McLAIN & MERRITT, P.C.

Albert J. DeCusati
Georgia Bar No. 215610
Attorney for Defendant
WAL-MART STORES, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326-3240
(404) 266-9171
(404) 364-3138 (fax)
adecusati@mclain-merritt.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

CLAUDIA FUNEZ,                                    Civil Action File No.
                                                  12-C-00276-S4
                 Plaintiff,

v.

WAL-MART STORES, INC.,

                 Defendant.
_____/

## CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

1)    Defendant Wal-Mart Stores, Inc.'s Responses to Plaintiff's First Request for Admissions

McLAIN & MERRITT, P.C.

_____
Albert J. DeCusati
Georgia Bar No. 215610
Attorney for Defendant
WAL-MART STORES, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326-3240
(404) 266-9171
(404) 364-3138 (fax)
adecusati@mclain-merritt.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing **CERTIFICATE REGARDING DISCOVERY** upon counsel for all parties by depositing same in the United States Mail in envelopes with sufficient postage affixed thereon to insure delivery addressed as follows:

Bruce A. Hagen
Myrlin D. Earle
Bruce A. Hagen, P.C.
119 North McDonough Street
Decatur, Georgia 30030-3300

This the 25th day of January, 2012.

McLAIN & MERRITT, P.C.

_____
Albert J. DeCusati
Georgia Bar No. 215610
Attorney for Defendant
WAL-MART STORES, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326-3240
(404) 266-9171
(404) 364-3138 (fax)
adecusati@mclain-merritt.com