## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CLAUDIA FUNEZ,

                **Plaintiff,**

     v.

WAL-MART STORES EAST, LP,

                **Defendant.**

1:12-cv-0259-WSD

## OPINION AND ORDER

This matter is before the Court on Wal-Mart Stores East, LP's ("Wal-Mart"
or "Defendant") Motion for Medical Examination [24] and Motion for Summary
Judgment [29].

## I.   BACKGROUND[1]

     A.   Plaintiff's slip and fall

On August 31, 2010, Claudia Funez ("Plaintiff") went shopping with her
brother at Wal-Mart Store #5390 in Marietta, Georgia.  (DSMF ¶ 1).  After

---

[1] In ruling on Defendant's Motion for Summary Judgment, the Court relies upon
Defendant's Statement of Material Facts as to Which There is No Genuine Issue to
be Tried [29.1] ("DSMF").  The Court notes that Plaintiff submitted a response to
Defendant's Statement of Material Facts [33.1].  Although Plaintiff admits that
most of Defendant's facts are true, she has not properly disputed facts 10, 27, 30,
31, and 32 because she has not cited to specific evidence in the record, stated a
valid objection, or otherwise pointed out that Defendant's evidence does not
support its facts.  L.R. 56.1 B.(2), N.D. Ga.  These facts are deemed admitted to the
extent they do not represent legal conclusions.  Id.

entering the store, Plaintiff selected a shopping cart and placed some laundry and dishwashing soap in it.  (Id. ¶¶ 2, 16).

After shopping for about a half an hour, Plaintiff entered the boys' clothing department in the store and her brother went to shop in another area.  (Id. ¶ 3-5). Plaintiff left her shopping cart in one of the white-tiled aisles in the boys' clothing department, and walked away from it to look at boys' clothing items.  (Id. ¶¶ 4-5). Plaintiff remained within eyesight of her shopping cart while she shopped about eight to ten feet away.  (Id. ¶ 6).

A few minutes after leaving her cart to look at items in the boys' department, Plaintiff walked back to her cart.  (Id.).  As she did, Plaintiff,  in the process of touching her cart, slipped and fell on a slippery substance on the tile floor.  (Id. ¶ 7).  Her shopping cart slid out from under her, and she fell to the ground.  (Id.   ¶¶ 8, 21).

The substance on the floor on which Plaintiff slipped, was a yellow liquid resembling cooking oil in a spot about three (3) inches in diameter.  (Id. ¶ 9).  The substance was noticeable to a person standing within three feet of the spill.  (Id. ¶ 10).  Neither Plaintiff nor her brother saw the substance prior to Plaintiff's accident.  (Id. ¶¶ 11-13).

The parties do not know the origin of the substance or how long it was on the floor before Plaintiff slipped and fell.  (Id. ¶¶ 14-15, 27, 31).  Although Defendant has policies regarding periodic inspections and spill management, it is unknown when, before Plaintiff's fall, a Wal-Mart employee inspected the area where Plaintiff slipped.  (Id. ¶¶ 27-31).

B.    Procedural history

On January 16, 2012, Plaintiff filed this action against Defendant in the State Court of Gwinnett County.  (Compl. at 1).  Plaintiff's Complaint asserts a single claim of negligence based on her slip and fall at Wal-Mart Store #5390 in Marietta, Georgia.  (Id. at 2).

On January 25, 2012, Defendant removed the action to this Court based on diversity jurisdiction.  (Notice of Removal [1] ¶ 7).

On July 23, 2012, Defendant filed its Motion for Medical Examination [24]. Defendant seeks "an Order requiring Plaintiff Funez to submit to a medical examination by Bennett J. Axelrod, M.D."  (Def.'s Mot. for Medical Examination at 2).  Plaintiff opposes Defendant's request for a medical examination claiming that Dr. Axelrod is not independent and an examination is unnecessary because Defendant has had access to Plaintiff's medical records through discovery.  (Pl.'s Resp. to Def.'s Mot. for Medical Examination at 5-9).  If the Court grants

Defendant's request for an order requiring Plaintiff to submit to an examination, Plaintiff requests that the order require that: (1) Plaintiff's counsel be allowed to attend the examination; (2) the examination be videotaped; (3) the examination be conducted by a physician of the Court's choosing; (4) "the examination take place only once with no painful, intrusive, or potentially harmful tests;" (5) Plaintiff be granted access to any and all reports prepared by Dr. Axelrod; (6) Dr. Axelrod be made available for a deposition and produce prior to his deposition "copies of all 1099 forms, W-2 forms, or some other equally reliable document that would verify his income (and the income of any companies he is affiliated with) from doing [Independent Medical Exams] for the years 1999, 2000, 2001, and 2002;" and, (7) in the event of trial, references to Dr. Axelrod's examination be prohibited from including the word "independent."  (Id. at 9-16).

On July 25, 2012, Defendant filed its Motion for Summary Judgment [29]. Defendant asserts that summary judgment is appropriate on two grounds: (1) that Defendant lacked actual or constructive knowledge of the hazard; and, (2) alternatively, that Plaintiff failed to exercise ordinary care as a matter of law by failing to see and identify the hazard.  (Def.'s Br. in Supp. of Mot. for Summ. J. [29.2] at 5-16).

**II.    DISCUSSION**

A.    <u>Summary judgment standard</u>

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Parties "asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c)(1).

The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact.  <u>Herzog v. Castle Rock Entm't</u>, 193 F.3d 1241, 1246 (11th Cir. 1999).  Once the moving party has met this burden, the non-movant must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial.  <u>Graham v. State Farm Mut. Ins. Co.</u>, 193 F.3d 1274, 1282 (11th Cir. 1999).  Non-moving parties "need not present evidence in a form necessary for admission at trial; however, [they] may not merely rest on [their] pleadings."  <u>Id.</u>

The Court must view all evidence in the light most favorable to the party opposing the motion and must draw all inferences in favor of the non-movant, but only "to the extent supportable by the record." Garczynski v. Bradshaw, 573 F.3d 1158, 1165 (11th Cir. 2009) (quoting Scott v. Harris, 550 U.S. 372, 381 n.8 (2007)). "[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury . . . ." Graham, 193 F.3d at 1282. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Herzog, 193 F.3d at 1246. But, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment for the moving party is proper. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

B.      Standard for a negligence slip and fall claim in Georgia

A plaintiff asserting a cause of action for negligence under Georgia law must establish (1) the existence of a duty on the part of the defendant, (2) a breach of that duty, (3) causation, and (4) damages. Rasnick v. Krishna Hospitality, Inc., 713 S.E.2d 835, 837 (Ga. 2011) (citing John Crane, Inc. v. Jones, 604 S.E.2d 822, 825 (Ga. 2004)).[2]

---

[2] The Court notes that Defendant relies on a number of cases that pre-date Robinson v. Kroger Co., which altered the standards for evaluating a motion for summary judgment in slip and fall actions. 493 S.E.2d 403, 414 (Ga. 1997). The

Under Georgia premises law, a landowner owes an invitee a duty to "exercise ordinary care in keeping the premises and approaches safe."  O.C.G.A. § 51-3-1; Bartlett v. McDonough Bedding Co., 722 S.E.2d 380, 382 (Ga. Ct. App. 2012) (quoting Gaydos v. Grupe Real Estate Investors, 440 S.E.2d 545, 547 (Ga. Ct. App. 1994)).  A landowner is not an insurer of the invitee's safety.  Id. (quoting Gaydos, 440 S.E.2d at 547).  The duty extends to an invitee where the landowner has actual or constructive knowledge of a hazard *and* the invitee, in the exercise of ordinary care, lacks knowledge of the hazard.  See Whitley v. H & S Homes, LLC, 632 S.E.2d 728, 729 (Ga. Ct. App. 2006) (citing Ford v. Bank of Am. Corp., 627 S.E.2d 376, 378 (Ga. Ct. App. 2006)); see also id. (quoting Garrett v. Hanes, 616 S.E.2d 202, 204 (Ga. Ct. App. 2005)) ("The true basis for an owner's liability is his superior knowledge of the existence of a condition that could subject his invitees to an unreasonable risk of injury.").

Where the invitee is shown to have had actual or constructive knowledge of a hazard, Georgia courts have held that the landowner did not owe a duty to safeguard the invitee from the hazard, even if the landowner also had knowledge of the hazard.  See Delk v. QuikTrip Corp., 572 S.E.2d 676, 678 (Ga. Ct. App. 2002)

Court has carefully reviewed the authorities upon which Defendant relies and finds them distinguishable and not as persuasive as the post-Robinson cases cited by Plaintiff and identified by the Court.  See Hamilton v. Ky. Fried Chicken of Valdosta, Inc., 545 S.E.2d 375, 377 (Ga. Ct. App. 2001).

(where gas station customer had knowledge of protruding storage tank cover in parking lot, gas station did not have "superior knowledge" and, therefore, did not have a duty to safeguard customer from tripping over the cover); Chisholm v. Fulton Supply Co., 361 S.E.2d 540, 541–42 (Ga. Ct. App. 1987) (store owner did not owe duty to warn regular customer of "high" step because customer had used the stairs in the past and his "knowledge as to the 'risers and treads' of the stairs was equal to that of the proprietor").  "[A] plaintiff must show that she was injured by a hazard that the owner 'should have removed in the exercise of ordinary care for the safety of the invited public.'"  Ahuja v. Cumberland Mall, LLC, 821 F. Supp. 2d 1317, 1324 (N.D. Ga. 2010) (quoting Am. Multi-Cinema, Inc. v. Brown, 679 S.E.2d 25, 27 (Ga. 2009)).  Accordingly, "in order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to the actions or conditions within the control of the owner/occupier."  Robinson, 493 S.E.2d at 414; see also Am. Multi-Cinema, Inc., 679 S.E.2d at 27-28.

Defendant asserts in this case that summary judgment is appropriate because: (1) it lacked actual or constructive knowledge of the hazard; and, (2) Plaintiff failed to exercise ordinary care as a matter of law by failing to notice and

avoid the hazard.  In examining these arguments, the Court considers the Georgia

Supreme Court's admonition that

> issues such as how closely a particular retailer should monitor its
> premises and approaches, what retailers should know about the
> property's condition at any given time, how vigilant patrons must
> be for their own safety in various settings, and where customers
> should be held responsible for looking or not looking are all
> questions that, in general, must be answered by juries as a matter
> of fact rather than by judges as a matter of law.

Am. Multi-Cinema, Inc., 679 S.E.2d at 28.

     C.    Whether the undisputed facts show that Defendant had actual or
         constructive knowledge of the hazard

It is undisputed that Defendant did not have actual knowledge of the hazard

that allegedly caused Plaintiff's slip and fall.  (Pl.'s Resp. to Def.'s Mot. for

Summ. J. [33] at 6).  Plaintiff instead asserts that Defendant had constructive

knowledge of the hazard that caused her injuries.  (Id.).

A plaintiff alleging constructive knowledge of a hazard must show that

(1) an employee was in the immediate vicinity and easily could have seen and

removed the substance; or (2) that the substance had been on the floor for a

sufficient length of time that defendant should have discovered and removed it

during a reasonable inspection.  Deborde v. KFC U.S. Properties, Inc., No. 1:05-

cv-1228-JOF, 2007 WL 781881, at *2 (N.D. Ga. Mar. 12, 2007) (citing Medders v.

Kroger, 572 S.E.2d 386, 388 (Ga. Ct. App. 2002)); see also Brown v. Host/Taco

Venture, 699 S.E.2d 439, 442 (Ga. Ct. App. 2010); Matthews v. The Varsity, Inc.,

546 S.E.2d 878, 880 (Ga. Ct. App. 2001); Roberson v. Winn-Dixie Atlanta, Inc.,

544 S.E.2d 494, 495 (Ga. Ct. App. 2001).  "Constructive knowledge may be

inferred when there is evidence that the owner lacked a reasonable inspection

procedure."  Kauffman v. Eastern Food & Gas, Inc., 539 S.E.2d 599, 601 (Ga. Ct.

App. 2000).

     "In order to prevail at summary judgment based on lack of constructive

knowledge, the owner must demonstrate not only that it had a reasonable

inspection program in place, but that such program was actually carried out at the

time of the incident."  Brown, 699 S.E.2d at 442; see also Webster v. S. Family

Markets of Milledgeville N. LLC, No. 5:11-cv-53, 2012 WL 426017, at *5 (M.D.

Ga. Feb. 9, 2012) (citing Davis v. Bruno's Supermarkets, Inc., 587 S.E.2d 279 (Ga.

Ct. App. 2003)).  "[T]o survive a motion for summary judgment, a plaintiff must

come forward with evidence that, viewed in the most favorable light, would enable

a rational trier of fact to find that the defendant had actual or constructive

knowledge of the hazard."  Am. Multi-Cinema, Inc., 679 S.E.2d at 27-28.

     Defendant argues that it is entitled to summary judgment because it did not

have constructive knowledge of the spilled liquid.  Defendant argues that the

testimony of its asset protection coordinator, Jeffrey Murray ("Murray"), is

10

undisputed that "safety sweeps" and "zoning" inspections were conducted in the store by Defendant's employees on the day Plaintiff slipped and fell.  (Ex. A to Def.'s Mot. for Summ. J.).  These sweeps and inspections, Murray testified, were conducted at least once every two hours on the day of Plaintiff's injury.  Defendant asserts that Murray's testimony shows that Defendant conducted a reasonable inspection program sufficient to establish that Defendant lacked constructive knowledge of the slip hazard.

In Georgia, "when an owner shows that an inspection occurred within a brief period of time prior to an invitee's fall, the inspection procedure was adequate as a matter of law and defeats an invitee's negligence action."  Mucyo v. Publix Super Markets, Inc., 688 S.E.2d 372, 375 (Ga. Ct. App. 2009) (citing Medders, 572 S.E.2d at 388); see also Matthews, 546 S.E.2d at 881.  Although what constitutes a "brief period of time" has not been defined specifically, various Georgia courts have held that inspections conducted within thirty minutes before the injury-causing event were adequate as a matter of law.  See, e.g., Brown, 699 S.E.2d at 443 (evidence manager inspected floor within fifteen minutes prior to plaintiff's fall and did not see spill demonstrated that defendant exercised due care in inspecting premises and lacked constructive knowledge of the hazard); Wallace v. Wal-Mart Stores, Inc., 612 S.E.2d 528, 529-32 (Ga. Ct. App. 2005) (inspection

conducted fifteen to twenty minutes before fall adequate as a matter of law);

Bolton v. Wal Mart Stores, Inc., 570 S.E.2d 643, 645 (Ga. Ct. App. 2002) (plaintiff

failed to establish constructive knowledge where employee stated in affidavit that

he was in area ten to fifteen minutes before accident and did not see spill);

Roberson v. Winn-Dixie Atlanta, Inc., 544 S.E.2d 494, 495 (Ga. Ct. App. 2001)

(inspection conducted approximately fifteen minutes before fall was adequate as

matter of law); Hopkins v. Kmart Corp., 502 S.E.2d 476, 478-79 (Ga. Ct. App.

1998) (inspection conducted thirty minutes before fall was adequate as matter of

law); see also Benefield v. Tominich, 708 S.E.2d 563, 568 n.23 (Ga. Ct. App.

2011) (citing cases); Wallace, 612 S.E.2d at 531 n.7 (citing cases).  Whether an

inspection procedure is reasonable thus depends on the proximity of an inspection

to an event causing an injury.  For that time to be reasonable as a matter of law,

there must be "plain, palpable, and undisputed" evidence that an inspection was

conducted within a "brief period of time" prior to a plaintiff's fall sufficient to

justify granting summary judgment to a defendant.  See Ahuja, 821 F. Supp. 2d at

1324 (quoting Robinson, 493 S.E.2d at 414); Kauffman, 539 S.E.2d at 601.

Defendant, here, offers, at most, evidence that a safety sweep or zoning

inspection occurred within two hours of—and perhaps as long as two hours

before—Plaintiff's alleged injuries.[3]  Thus, the sweep or inspection did not occur within the thirty-minute period Georgia courts have considered reasonable as a matter of law.  See id.; see also Benefield, 708 S.E.2d at 568 n.23 (citing cases); Wallace, 612 S.E.2d at 531 n.7 (citing cases).  The Court notes that thirty minutes is not necessarily intended by the Georgia courts to be a bright-line test.  The facts of each case will dictate whether a particular inspection program in place was sufficient to consider whether it allows for a grant of summary judgment on the grounds that a defendant did not have constructive knowledge.  Here, the facts are that any sweep or inspection that may occurred in the area of the fall could have been conducted as remotely as two hours before Plaintiff's fall.  The Court simply cannot under the facts of this case conclude as a matter of law that a "brief period of time" extends to a period of up to two hours in length.

The Court finds there is a genuine dispute of fact regarding whether Defendant had constructive knowledge of the hazard that allegedly caused

---

[3] The Court notes that Murray's testimony and the record before the Court does not show that the location where Plaintiff fell was specifically inspected as part of a safety sweep or zoning by Defendant's employees.  Murray's testimony about inspection procedures and the results of inspections does not demonstrate personal knowledge regarding the condition of the floor where Plaintiff fell on the day she was injured.  (Ex. A to Def.'s Mot. for Summ. J.).  This lack of evidence in the record regarding inspections of the location where Plaintiff fell is further support for concluding that summary judgment is inappropriate based on absence of constructive knowledge.

Plaintiff's injury and, as a result, summary judgment cannot be granted based on absence of constructive knowledge.

D.   Whether the undisputed facts show that Plaintiff failed to exercise reasonable care to avoid the hazard

"[A]n invitee has a duty to look where she is walking and is imputed with constructive knowledge of large objects which are in plain view at a location where they are customarily found and expected to be."  Ward v. Autry Petroleum Co., 637 S.E.2d 483, 487 (Ga. Ct. App. 2006).  "The invitee is not bound to avoid hazards not usually present on the premises and which the invitee, exercising ordinary care, did not observe, and the invitee is not required, in all circumstances, to look continuously at the floor, without intermission, for defects in the floor."  Robinson, 493 S.E.2d at 409.

"What constitutes a reasonable lookout depends on all the circumstances at the time and place."  Id.  "[A]n invitee's failure to exercise ordinary care is not established as a matter of law by the invitee's admission that he did not look at the site on which he placed his foot or that he could have seen the hazard had he visually examined the floor before taking the step which led to his downfall."  Id. at 414.

Defendant claims that Plaintiff's failure to observe and avoid a three-inch diameter spill of an oily substance on the floor of the boys' clothing department in

14

Defendant's store is "plain, palpable, and undisputed" evidence of Plaintiff's failure to exercise ordinary care sufficient to award it summary judgment as a matter of law.  On the facts here, the Court finds there is a genuine dispute of fact regarding whether Plaintiff exercised ordinary care under all the circumstances at the time to observe and avoid a slippery substance in the clothing area of the store.[4] See id.; see also Ward, 637 S.E.2d at 487-88.  Summary judgment for Defendant is not appropriate based on its claim that Plaintiff failed to exercise ordinary care.

    E.    Defendant's Motion for Medical Exam

Rule 35 of the Federal Rules of Civil Procedure governs physical and mental examinations.  Rule 35 states in relevant part:

> The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner . . . The order may be made only on motion for good cause and on notice to all parties and the person to be examined; and must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

---

[4] The Supreme Court of Georgia instructs that "[d]emanding as a matter of law that an invitee visually inspect each footfall requires an invitee to look continuously at the floor for defects, a task an invitee is not required to perform since the invitee is entitled to assume that the owner/occupier has exercised reasonable care to make the premises safe for the invitee and continues to exercise such care while the invitee remains on the premises."  Robinson, 493 S.E.2d at 410 (internal citation omitted).

Fed. R. Civ. P. 35(a).  The "in controversy" and "good cause" requirements of

Rule 35 "are not met by mere conclusory allegations of the pleadings – nor by

mere relevance to the case – but require an affirmative showing by the movant that

each condition as to which the examination is sought is really and genuinely in

controversy and that good cause exists for ordering each particular examination."

Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964).  A plaintiff in a negligence

action who asserts a physical injury ordinarily places that physical injury in

controversy and provides the defendant with good cause for an examination to

determine the existence and extent of the injury claimed.  See id. at 119.

"Good cause for ordering a physical examination exists when the

examination would allow the defendant's expert an opportunity to determine the

cause and extent of the plaintiff's alleged physical injuries."  Whitley v. Comcast

of Ga., Inc., Case No.: 3:05-cv-82 (CAR), 2006 U.S. Dist. LEXIS 89691, at *8

(M.D. Ga. Dec. 11, 2006) (citing O'Sullivan v. Rivera, 229 F.R.D. 184, 186

(D.N.M. 2004)).  "Courts have reasoned that IMEs [Independent Medical

Examinations] are often necessary, even when the plaintiff's medical records are

available, because there are few, if any, acceptable substitutes for a personal

physical examination . . . Thus, understandably, a defendant's defense at trial may

be severely prejudiced if he is not permitted to obtain the testimony of an expert

[or physician] who has personally examined the plaintiff."  See id. at *9.

> Although Rule 35 is silent on the question of who may attend an
> examination, "such examinations, like all other forms of discovery,
> are subject to the general provision of Rule 26(c) that the court 'may
> make any order which justice requires to protect a party or person
> from annoyance, embarrassment, oppression, or undue burden or
> expense.'"  Tirado v. Erosa, 158 F.R.D. 294, 297 (S.D.N.Y. 1994);
> see also Morton v. The Haskell Company, 1995 WL 819182, *3
> (M.D. Fla. 1995) ("The court is satisfied that it has the discretionary
> authority to impose a variety of conditions which, balancing the
> factors in each individual case, ensure that the interests of justice are
> obtained.").  "The appropriate inquiry is whether special conditions
> are present which call for a protective order tailored to the specific
> problems presented."  Tirado, 158 F.R.D. at 299; see also Ali, 162
> F.R.D. at 168 ("After considering all the circumstances of the case,
> the Court [found] no special need which require[d] the presence of a
> court reporter, plaintiff's wife, or other recording equipment.").  It is
> the burden of the party seeking the special conditions to establish their
> existence.  See Tirado, 158 F.R.D. at 299.

Bethel v. Dixie Homecrafters, Inc., 192 F.R.D. 320, 323-24 (N.D. Ga. 2000).

Plaintiff has alleged serious injuries from her slip and fall on Defendant's

premises, to include "special damages which include but may not be limited to

medical expenses, mileage, and other miscellaneous expenses," as well as "past,

present and future general and special damages."  (Compl. ¶ 6).  Plaintiff has also

alleged ongoing pain that is not subject to adequate evaluation from the medical

records produced in discovery.  Plaintiff's physical condition is at issue in this

personal injury action and good cause exists to permit Defendant to conduct an

17

independent medical examination.[5]  See Schlagenhauf, 379 U.S. at 118;

O'Sullivan, 229 F.R.D. at 186-87.  An independent medical examination is

particularly appropriate here because Defendant would be prejudiced in contesting

the nature and extent of Plaintiff's injuries by having to rely exclusively on

Plaintiff's medical records and testimony from her treating physicians.  See Berry

v. Mi-Das Line S.A., No. CV408-159, 2009 WL 3213506, at *1-3 (S.D. Ga. Oct.

5, 2009); Romano v. Interstate Exp., Inc., No. CV408-121, 2009 WL 211142, at *2

(S.D. Ga. Jan. 28, 2009); Whitley, 2006 U.S. Dist. LEXIS 89691, at *8;

O'Sullivan, 229 F.R.D. at 186-87; Duncan v. Upjohn Co., 155 F.R.D. 23, 24-25

(D. Conn. 1994); Bennett v. White Labs., Inc., 841 F. Supp. 1155, 1158 (M.D. Fla.

1993).

   The Court next considers Plaintiff's request that conditions be imposed on

any examination ordered by the Court.  Defendant has agreed to Plaintiff's requests

that the examination be limited in scope, that Plaintiff be provided with access to

any reports prepared from the examination, and that the examiner be made

available for a deposition prior to trial.  (Def.'s Reply Br. in Supp. of Def.'s Mot.

---

[5] The Court notes that Plaintiff largely relies upon non-binding authorities from
various state courts in opposing Defendant's request for a medical examination
under Rule 35 and requesting that her counsel be permitted to attend or videotape
any examination ordered by the Court.  The Court finds these authorities are not
persuasive on the issues of whether an examination should be ordered and, if so,
whether the conditions requested by Plaintiff should be imposed.

for Medical Examination [32] at 17-18).  As to Plaintiff's request that her attorney

be permitted to attend the examination, to have the examination videotaped, and to

have the Court select the examiner, the Court finds that Plaintiff has not met her

burden of establishing that these special conditions are necessary.  See O'Sullivan,

229 F.R.D. at 187 (adversarial process and presentation of issues supported by

permitting movant to select examiner); Bethel, 192 F.R.D. at 323-24 (presence of

third parties or recording devices impedes the ability of an examiner to conduct a

proper examination without transforming it into an adversarial event); McKitis v.

Defazio, 187 F.R.D. 225, 228 (D. Md. 1999) ("absent a compelling determination

of need . . . a party's counsel should not be permitted to attend a Rule 35

examination"); Holland v. United States, 182 F.R.D. 493, 495 (D.S.C. 1998)

(majority of federal courts favor "the exclusion of the plaintiff's attorney from a

Rule 35 examination absent a compelling reason" and reject "the notion that a third

party should be allowed, even indirectly through a recording device, to observe a

Rule 35 examination"); Duncan, 155 F.R.D. at 26 (plaintiff must raise a valid

objection beyond bias to justify the appointment of an examiner other than that

proposed by movant); Looney v. Nat'l R.R. Passenger Corp., 142 F.R.D. 254, 265

(D. Mass. 1992) ("plaintiff's ability to object to an expert physician chosen by the

defendant should be rather limited with any questions of bias or prejudice of either

side's chosen expert being left to full exploration at trial").[6]  These requested

additional conditions are denied.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary

Judgment [29] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Medical

Examination [24] is **GRANTED**.  Defendant shall provide Plaintiff with three

proposed dates from which to choose for the examination.  The examination will

be performed by Dr. Bennett J. Axelrod.  The scope of the examination will be

reasonably limited to investigating the cause, nature, and extent of Plaintiff's

injuries allegedly caused by her slip and fall on Defendant's premises, and to

ascertain Plaintiff's current physical condition and medical history.  The

examination must be completed on or before February 8, 2013.  The deposition of

---

[6] If necessary, Plaintiff may renew her request to exclude references at trial to "independent" when motions in limine are due pursuant to the pre-trial order.  The Court also finds that Dr. Axelrod is not required to disclose his tax and financial records from the period 1999-2002 because they are not relevant to his examination of Plaintiff and are not calculated to lead to the discovery of relevant evidence in this action.  See Fed. R. Evid. 401; Fed. R. Civ. P. 26(b)(1); Chrysler Intern. Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002); Lee v. Etowah Cnty. Bd. of Ed., 963 F.2d 1416, 1420 (11th Cir. 1992); Am. Key Corp. v. Cole Nat'l Corp., 762 F.2d 1569, 1578 (11th Cir. 1985).

Dr. Axelrod, if conducted, must be completed on or before February 28, 2013.  The

parties shall submit their Pre-Trial Order on or before March 1, 2013.


      **SO ORDERED** this 9th day of January, 2013.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE